```
          IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF HAWAII

ABDEL SALAMEH,                 )   CIVIL NO. 12-00073 LEK-KSC
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
CITY AND COUNTY OF HONOLULU,   )
ET AL.,                        )
                               )
          Defendants.          )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT CITY & COUNTY OF HONOLULU'S
<u>MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

Before the Court is Defendant City and County of Honolulu's ("the City") Motion to Dismiss Complaint for Failure to State a Claim ("Motion"), filed February 8, 2012. Plaintiff Abdel Salameh ("Plaintiff") filed his memorandum in opposition on March 5, 2012, and the City filed its reply on March 13, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the City's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. Plaintiff's claims are HEREBY DISMISSED WITHOUT PREJUDICE, and Plaintiff is GRANTED leave to file an Amended Complaint by **April 30, 2012.**

## BACKGROUND

Plaintiff filed his Complaint on November 21, 2011 against Defendants Eric Hokama ("Hokama") and the City (collectively "Defendants") in the Circuit Court of the First Circuit, State of Hawai'i. Defendants removed the action to this Court on February 6, 2012.

Plaintiff alleges that, on January 15, 2010, Hokama and other Honolulu Police Department ("HPD") officers arrived at his residence to investigate an earlier harassment complaint made against him. [Complaint at ¶ 6.] He alleges that he was not inside the residence when the officers arrived, but was walking upstairs towards his residence. Hokama and the other officers stood at the top of the stairs and waited for Plaintiff to reach the top. Plaintiff told the officers that he needed to go to his apartment to get his medication, but the officers told Plaintiff that he could not go into the apartment and that he needed to talk to them where they were. After a verbal exchange, Hokama informed Plaintiff that he was under arrest, and proceeded to leg sweep Plaintiff's left leg with his right foot causing Plaintiff to fall down the stairs. [Id. at ¶¶ 7-11.]

Plaintiff alleges that the HPD officers handcuffed him and that he complained of pain in his right leg; the officers then carried Plaintiff to the police vehicle. They took Plaintiff to the Queen's Medical Center emergency room where x-

rays showed he had a fractured right knee.  [Id. at ¶¶ 13-14.]

Plaintiff alleges the following causes of action: (1) a 42 U.S.C. § 1983 claim against the City and Hokama (Count I); (2) assault and battery against Hokama (Count II); (3) a negligence claim against the City and Hokama, including negligent failure to train, supervise, hire, and/or discipline (Count III); (4) an intentional infliction of emotional distress ("IIED") claim against the City and Hokama (Count IV); (5) a negligent infliction of emotional distress ("NIED") claim against the City and Hokama (Count V); (6) a *respondeat superior* claim against the City (Count VI); and (7) a punitive damages claim against Hokama. Hokama is sued in his official and individual capacities.  [Id. at ¶ 3.]

## I.   Motion

The City moves to dismiss the Complaint on the grounds that various causes of action fail to state a claim under the pleading standards established in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and that the allegations in the Complaint are legal conclusions not entitled to a presumption of truth.  [Mem. in Supp. of Motion at 2-3.]

### A.   Count I - 42 U.S.C. § 1983

The City argues that Plaintiff fails to state a § 1983 claim against it because he fails to allege a deprivation of a constitutional right, and fails to allege municipal liability.

[Id. at 4-5.]  First, the City asserts that Plaintiff's allegation that the City violated his right "to liberty, freedom from unreasonable seizures and other civil liberties," [Complaint at ¶ 15,] is a legal conclusion, unsupported by facts that address "other civil liberties."  With respect to the Fourth Amendment, the City argues that Plaintiff fails to plead facts that address the reasonableness, or lack of reasonableness, of the alleged seizure of Plaintiff.  [Id. at 6-7.]

Second, the City argues that Plaintiff does not sufficiently allege municipal liability.  That is, he does not allege: (1) any City policy, custom, or practice that was the moving force behind the constitutional violation; or (2) a failure to train that amounts to deliberate indifference to Plaintiff's rights.  [Id. at 7.]  To the extent Plaintiff sets forth legal conclusions, the City argues that they are not supported by factual allegations.  [Id. at 7-8.]

    B.    **Count II - Assault and Battery**

According to the City, Plaintiff fails to state a *respondeat superior* claim for assault or battery against it because he does not allege that: (1) Hokama acted with intent to cause harmful or offensive contact; (2) Hokama acted unreasonably; and (3) Hokama's action was unjustifiable and/or done with malice.  [Id. at 8.]

    C.    **Count III - Negligence**

The City next addresses Plaintiff's Count III claim for negligence. It presumes that Plaintiff does not allege negligence via *respondeat superior* liability, but asserts direct negligence against the City in a negligent training, supervision, hiring, and/or discipline claim. The City argues that Plaintiff fails to state such a claim because he does not allege that: (1) Hokama was acting outside the course and scope of his employment; (2) the City had notice of any deficiency with respect to Hokama; (3) there was a specific deficiency in the City's training, discipline, or hiring; and (4) he suffered damages caused by such deficiency. [Id. at 11-14.]

### D.    Count IV - IIED

Next, the City asserts that Plaintiff fails to state a claim against it for IIED because he does not plead intentional or reckless conduct, and there are no facts regarding the circumstances of the use of force. Further, Plaintiff fails to plead malice sufficient to overcome the conditional privilege. [Id. at 15.]

### E.    Count V - NIED

With respect to Plaintiff's NIED claim, the City argues that his failure to state a negligence claim similarly dooms the derivative NIED claim. It also states that Plaintiff fails to plead malice sufficient to overcome the conditional privilege. [Id. at 15-16.]

5

    **F.**    <u>**Doe Defendants**</u>

The City asks the Court to dismiss the Doe Defendants with prejudice because pleading fictitious Doe defendants is not necessary in federal court. [<u>Id.</u> at 16.]

## II. <u>Plaintiff's Memorandum in Opposition</u>

Plaintiff argues that his Complaint alleges sufficient facts to survive the Motion. He asserts that the Complaint unambiguously provides Defendants with all necessary operative facts to give them notice of the causes of action in the case. He also states that the allegations are not conclusory. [Mem. in Opp. at 4-5.] With respect to Hokama, Plaintiff asserts that, if Hokama's acts were within the course and scope of his employment, the City is liable for the torts he committed under the doctrine of *respondeat superior*. [<u>Id.</u> at 7.] To the extent the Court finds that the Complaint requires additional factual allegations, Plaintiff requests leave to amend. [<u>Id.</u> at 8.]

## III. <u>The City's Reply</u>

In its reply, the City argues that the Complaint does not satisfy <u>Iqbal</u> because it does not contain sufficient "nonconclusory" facts to state a "plausible", as opposed to merely "possible", theory of liability. [Reply at 2-3.] It states that the allegation that Hokama performed a leg sweep and Plaintiff fell down, says nothing about the facts and circumstances of how that contact came about, including whether

6

the police were infringing upon Plaintiff's constitutional rights.  According to the City:

> Is it plausible that Officer Hokama performed a leg sweep causing Plaintiff to fall simply because he liked using excessive force, enjoyed watching Plaintiff suffer or for no apparent reason?  No apparent reason is precisely what Plaintiff has plead in his Complaint.  As between the obvious explanation for the leg sweep, and the malicious and/or wrongful conduct Plaintiff is asking to infer (based on very little facts), Plaintiff's theory is simply not plausible.  See Iqbal, 129 S. Ct. at 1951-52, 173 L. Ed. 2d 868 ("As between that obvious alternative explanation for the arrests . . . and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion.").

[Id. at 4-5.]

The City also emphasizes that Plaintiff's claims for *respondeat superior* are conclusory, and that Plaintiff's opposition does not explain how the City is liable under this theory.  [Id. at 6.]

With respect to Plaintiff's request for leave to amend, the City states that Plaintiff should not be allowed to amend his claims for negligence or negligent supervision, training, discipline, or hiring, because he failed to state a legal duty and the inclusion of more facts will not cure the lack of duty owed to Plaintiff.  Nor should he be allowed to amend to restate claims against Doe Defendants, argues the City.  [Id. at 7.]

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a

motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  Id. at 1950.

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment."  Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility[.]"  Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir.

1987) (citation and quotation marks omitted).

## DISCUSSION

### I.   Count I - 42 U.S.C. § 1983

The City seeks dismissal of Plaintiff's § 1983 claim against it.  The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

First, "municipalities may be held liable as 'persons' under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)).  A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a

subordinate." Id. (citation and quotation marks omitted).

Second, under certain circumstances, a failure to train may create municipal liability. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). Deficient police training creates § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons" the police have contact with. Id. Deliberate indifference may be found where a training program is obviously deficient, and the inadequacy of the program is likely to result in the violation of citizens' constitutional rights. Id. at 390. Additionally, "the identified deficiency in a city's training program must be closely related to the ultimate injury." Id. at 391.

Here, Plaintiff does not sufficiently allege municipal liability.  That is, he does not allege (1) any City policy, custom, or practice that was the moving force behind the constitutional violation; or (2) a failure to train that amounts to deliberate indifference to Plaintiff's rights.  Plaintiff's allegations in Count I consist of little more than bare legal conclusions, which are insufficient to survive a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  It is arguably possible, however, for Plaintiff to cure the defects in this claim by amendment.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be

futile."). The Motion is GRANTED IN PART as to Count I, and the claim is DISMISSED WITHOUT PREJUDICE.

## II.  **Tort Claims and Conditional Privilege**

Under Hawai'i law, a municipality can have *respondeat superior* liability for torts maliciously committed by an employee acting within the scope of his or her authority. See, e.g., Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawai'i 433, 439, 879 P.2d 538, 543 (1994); Lane v. Yamamoto, 2 Haw. App. 176, 178, 628 P.2d 634, 636 (1981). Counts II (assault and battery), III (negligence), IV (IIED), and V (NIED) allege tortious conduct on behalf of the City and/or Hokama. As this district court has recognized:

> Hawaii law provides that a nonjudicial government official has a qualified or conditional privilege with respect to his or her tortious actions taken in the performance of his or her public duty. Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982); Runnels v. Okamoto, 525 P.2d 1125, 1128 (Haw. 1974). This privilege shields all but the most guilty nonjudicial officials from liability, but not from the imposition of a suit itself. Towse, 647 P.2d at 702. The privilege is the result of the Hawaii Supreme Court's balancing of competing interests. It protects the innocent public servant's pocketbook, yet it allows an injured party to be heard. See Medeiros v. Kondo, 522 P.2d 1269, 1272 (Haw. 1974).
>
> For a tort action to lie against a nonjudicial government official, the injured party must allege and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose. Towse, 647 P.2d at 702-03; Medeiros, 522 P.2d at 1272. When a public official is motivated by malice, and not by

> > an otherwise proper purpose, Hawaii law provides that the cloak of immunity is lost and the official must defend the suit the same as any other defendant. Marshall v. Univ. of Haw., 821 P.2d 937, 946 (Haw. Ct. App. 1991), abrogated on other grounds by Hac v. Univ. of Haw., 73 P.3d 46 (Haw. 2003).
> >
> > . . . .
> >
> > Edenfield v. Estate of Willets, Civ. No. 05-00418 SOM-BMK, 2006 WL 1041724, at *11-12 (D. Haw. Apr. 14, 2006) (parallel citations omitted).
> >
> > The Supreme Court of Hawai'i has held that "the phrase 'malicious or improper purpose' should be defined in its ordinary and usual sense." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007). In Awakuni, the Supreme Court relied on Black's Law Dictionary, which defines "malicious" as "'[s]ubstantially certain to cause injury' and '[w]ithout just cause or excuse'"; and defines "malice" as "'[t]he intent, without justification or excuse, to commit a wrongful act[,]' 'reckless disregard of the law or of a person's legal rights[,]' and '[i]ll will; wickedness of heart.'" Id. (quoting Black's Law Dictionary 976-77 (8th ed. 2004)).
>
> Long v. Yomes, Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847, at *6 (D. Hawai'i Sept. 20, 2011) (footnote omitted).
>
> Plaintiff does not allege the requisite malice in Counts II, III, IV and V.  It is arguably possible, however, for Plaintiff to cure the defects in these tort claims by amendment.  The Motion is GRANTED IN PART as to Counts II, III, IV and V with respect to the failure to allege malice sufficient to overcome the conditional privilege; these claims are DISMISSED WITHOUT PREJUDICE.

**III. Count II - Assault and Battery**

12

A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact. See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1223 (D. Hawai‘i 2001) (citations omitted). A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs. Id.; see also Williams v. Aona, 121 Hawai‘i 1, 13, 210 P.3d 501, 513 (2009).

In addition to the failure to allege malice discussed above, Plaintiff fails to allege that Hokama acted with intent to cause a nonconsensual harmful or offensive contact or apprehension thereof. Nor does the Complaint include facts from which the Court could infer such intent to hold the City liable under *respondeat superior*. For these reasons, as well as those detailed above with respect to malice, the Motion is GRANTED IN PART as to Count II, and the claim is DISMISSED WITHOUT PREJUDICE.

**IV.  Count III - Negligence**

With respect to Plaintiff's negligent training, supervision, hiring, and/or discipline claim, the City argues that Plaintiff fails to state such a claim because he does not allege that: (1) Hokama was acting outside the course and scope

13

of his employment; (2) the City had notice of any deficiency with respect to Hokama; and (3) there was a specific deficiency in the City's training, discipline, or hiring.  The Court agrees.

> To state a claim for negligent supervision/failure to control under Hawaii law, a plaintiff must allege that the employees who committed the wrongful acts were acting outside the scope of their employment. <u>Pulawa v. GTE Hawaiian Tel</u>, 112 Hawai'i 3, 143 P.3d 1205, 1220 (2006).  A negligent supervision claim is mutually exclusive with a claim based on respondeat superior, because the latter requires that the employee have acted within the scope of his employment. <u>See</u> <u>Wong-Leong v. Hawaiian Indep. Refinery, Inc</u>., 76 Hawai'i 433, 879 P.2d 538, 543-44 (1994).
> . . . .
> Although Plaintiff's negligent failure to supervise claim is inconsistent with his false arrest/respondeat superior claim, Plaintiff is entitled to plead the former claim in the alternative. <u>See</u> Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); <u>Arthur v. U.S. By and Through Veterans Admin</u>., 45 F.3d 292, 296 (9th Cir. 1995).
>
> In order to state a claim for negligent supervision, however, Plaintiff nevertheless must allege that the police officers were acting outside the scope of their employment. <u>See</u> <u>Pulawa</u>, 143 P.3d 1205, 1220.  Plaintiff must, in other words, include contradictory allegations in the Complaint.

<u>Dawkins v. City of Honolulu</u>, 761 F. Supp. 2d 1080, 1093 11 (D. Hawai'i 2010).  Here, Plaintiff does not allege that any of the officers were acting outside of the scope of their employment with respect to Count III.

Further:

> Under Hawaii law, before a plaintiff can establish a claim for negligent training and/or supervision, the plaintiff must establish that "the employer knew or should have known of the necessity and opportunity for exercising such control." Abraham v. S.E. Onorato Garages, 50 Haw. 628, 639, 446 P.2d 821, 826 (1968). The key to any claim for negligent training or supervision is foreseeability. If an employer has not been put on notice of the necessity for exercising a greater degree of control or supervision over a particular employee, the employer cannot be held liable as a matter of law.

Otani v. City & Cnty. of Haw., 126 F. Supp. 2d 1299, 1308 (D. Hawai'i 1998). Again, Plaintiff does not allege any facts to satisfy this requirement.

The Court finds that Plaintiff's allegations are not supported by relevant factual allegations, but simply state a legal conclusion. For example, Plaintiff fails to plead facts identifying how the City failed in its supervision, training, and hiring. For these reasons, as well as those detailed above with respect to malice, the Motion is GRANTED IN PART as to Count III, and the claim is DISMISSED WITHOUT PREJUDICE.

**V.   Count IV – IIED**

> Under Hawai'i law, there are four elements of an IIED claim. First, the plaintiff must prove that the conduct was either intentional or reckless. Second, the conduct in question must have been "outrageous." Next, the plaintiff must establish causation, and finally, there must be evidence that the plaintiff suffered extreme emotional distress. See Young v. Allstate Ins. Co., 119 Hawai'i 403, 425, 198 P.3d 666, 688 (2008). A determination of "outrageous" conduct is fact specific. Hawai'i courts have defined outrageous conduct as conduct "'without just cause

15

> or excuse and beyond all bounds of decency.'"
> Chin v. Carpenter-Asui, No. 28654, 123 Hawai'i
> 299, 2010 WL 2543613, at *4 (Hawai'i Ct. App. June
> 24, 2010) (quoting Lee v. Aiu, 85 Hawai'i 19, 34
> n.12, 936 P.2d 655, 670 n.12 (1997) (some
> citations omitted)).  If a plaintiff fails to
> prove that the alleged conduct rose to the level
> of "outrageous," dismissal is proper.  See Farmer
> ex rel. Keomalu v. Hickam Fed. Credit Union, No.
> 27868, 122 Hawai'i 201, 2010 WL 466007, at *14
> (Hawai'i Ct. App. Feb. 2, 2010) (citing Shoppe v.
> Gucci America Inc., 94 Hawai'i 368, 387, 14 P.3d
> 1049, 1068 (2000)), cert. denied, 2010 WL 2625261
> (Hawai'i June 29, 2010).

Caraang v. PNC Mortg., 795 F. Supp. 2d 1098, 1121-22 (D. Hawai'i 2011).

Here, Plaintiff fails to state a claim against the City for IIED because he does not plead intentional or reckless conduct, and there are insufficient facts regarding the circumstances of the use of force from which the Court could infer the requisite outrageous conduct.  For these reasons, as well as those detailed above with respect to malice, the Motion is GRANTED IN PART as to Count IV, and the claim is DISMISSED WITHOUT PREJUDICE.

**VI.   Count V – NIED**

> The elements of a claim for NIED are:
> (1) that the defendant engaged in negligent
> conduct; (2) that the plaintiff suffered
> serious emotional distress; and (3) that such
> negligent conduct of the defendant was a
> legal cause of the serious emotional
> distress.  Tran v. State Farm Mut. Automobile
> Ins. Co., 999 F. Supp. 1369, 1375 (D. Haw.
> 1998).  A cognizable claim for NIED under
> Hawaii law also "requires physical injury to
> either a person or property," see Calleon v.

> > Miyagi, 76 Hawai'i 310, 320, 876 [P.2d] 1278 (1994), or a mental illness, see Haw. Rev. Stat. § 663-8.9.
>
> > Dowkin v. Honolulu Police Dep't, Civ. No. 10-00087 SOM-LEK, 2010 WL 4961135, at *9 (D. Hawai'i Nov. 30, 2010). Duty and breach of duty are essential elements of a negligence claim under Hawai'i law. See Cho v. Hawai'i, 115 Hawai'i 373, 379 n.11, 168 P.3d 17, 23 n.11 (2007) ("It is well-established that, in order for a plaintiff to prevail on a negligence claim, the plaintiff is required to prove all four of the necessary elements of negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages.").
>
> Id. at 1122 (alteration in Caraang).

Here, Plaintiff alleges only that Defendants "have negligently caused Plaintiff to sustain severe emotional distress[.]" [Complaint at ¶ 27.] Plaintiff's allegations of negligence are not sufficient, as discussed above, and Plaintiff has not set forth the requisite duty and breach thereof to maintain an NIED claim. For these reasons, as well as those detailed above with respect to malice, the Motion is GRANTED IN PART as to Count V, and the claim is DISMISSED WITHOUT PREJUDICE.

**VII. Doe Defendants**

The Complaint identifies Doe Defendants 1-50, who "include police officers, who are and were at all times relevant to this action, employed by the Honolulu Police Department acting under color of state law, and are sued both in their individual capacities and their official capacities as said police officers." [Complaint at ¶ 4.] Further, "Plaintiff prays leave

to insert herein Doe Defendants' true names and capacities and/or responsibilities when they are ascertained." [Id.]

To the extent Plaintiff names fictitious Doe Defendants, the Court notes that such practice is not necessary. As this district court has recognized,

> "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, when the identity of alleged defendants is not known prior to filing the complaint, a plaintiff should be given an opportunity to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642); see also Peralta v. Doe, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (although complaint was subject to dismissal because plaintiff failed to identify a defendant for service of complaint, court permitted plaintiff to later amend his complaint to name a defendant for service and discovery).

Lawrence v. Kaneohe State Hosp., Civil No. 11-00020 SOM-KSC, 2011 WL 280958, at *3 (D. Hawai'i Jan. 25, 2011).

The Court therefore GRANTS IN PART the Motion and DISMISSES the claims against Doe Defendants WITHOUT PREJUDICE, subject to leave to amend.

**VIII.    Leave to Amend**

The Court has granted the Motion to dismiss the above-mentioned claims WITHOUT PREJUDICE.  Plaintiff is granted until **April 30, 2012** to file an Amended Complaint in order to cure the

18

deficiencies noted in this Order.  The Court CAUTIONS Plaintiff that, if he fails to timely file an Amended Complaint, the claims which this Court has dismissed without prejudice will be automatically dismissed with prejudice.  Further, if the Amended Complaint fails to address the defects identified in this Order, the Court may dismiss such claims with prejudice.

   The Court emphasizes that Plaintiff is not granted leave to add new parties, claims or theories of liability.  If Plaintiff wishes to add new parties, claims or theories of liability, Plaintiff must either obtain a stipulation from all parties or move for leave to amend according to the deadlines in the Rule 16 Scheduling Order.  The magistrate judge will rule upon such a motion in the normal course.  The Court CAUTIONS Plaintiff that, if he includes new parties, claims or theories of liability in the First Amended Complaint without obtaining either a stipulation or an order from the magistrate judge granting leave to amend, the new parties, claims, or theories of liability may be dismissed with prejudice.

## CONCLUSION

   On the basis of the foregoing, Defendant City & County of Honolulu's Motion to Dismiss Complaint for Failure to State a Claim, filed February 8, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff's claims are HEREBY DISMISSED WITHOUT PREJUDICE, and Plaintiff is GRANTED leave to file an Amended

Complaint by **April 30, 2012.**

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, March 30, 2012.



     /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ABDEL SALAMEH V. CITY AND COUNTY OF HONOLULU, ET AL; CIVIL NO. 12-00073 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY & COUNTY OF HONOLULU'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**