IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ABDEL SALAMEH, | ) | CIVIL NO. 12-00073 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| a municipal corporation; ERIC | ) | |
| HOKAMA, Individually and as a | ) | |
| officer of the City and | ) | |
| County of Honolulu; DOE | ) | |
| DEFENDANTS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO**
**FILE FIRST AMENDED COMPLAINT AND FOR REMAND OF CASE**

Before the Court is Plaintiff Abdel Salameh's ("Plaintiff") Motion for Leave to File First Amended Complaint and for Remand of Case ("Motion"), filed on April 26, 2012. Defendant City and County of Honolulu ("the City") filed its memorandum in opposition to the portion of Plaintiff's Motion requesting Leave to Amend ("Memorandum in Opposition to Amend") on May 22, 2012.[1]  The City filed its memorandum in opposition to the portion of Plaintiff's Motion requesting remand ("Memorandum in Opposition to Remand") on June 4, 2012.  Plaintiff did not

---

[1] There are two separate memoranda in opposition because the portion of the Motion seeking leave to amend was initially set for hearing before the magistrate judge and the portion seeking remand was set for hearing before this Court.  Because the two requests are related, this Court elected to decide the Motion in its entirety.  [Dkt. no. 22.]

file a reply. This matter came on for hearing on July 20, 2012. Appearing on behalf of Plaintiff was Myles Breiner, Esq., and appearing on behalf of the City was Laura Yoshida, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff filed his original Complaint on November 21, 2011 against the City and Defendant Eric Hokama, individually and as a police officer of the City and County of Honolulu ("Hokama,"[2] collectively "Defendants") in the Circuit Court of the First Circuit, State of Hawai'i. On February 6, 2012, the City removed the action to this district court based on federal question jurisdiction. [Notice of Removal at 3.]

The instant case arises from injuries Plaintiff allegedly sustained during his arrest on January 15, 2010, when Hokama and other Honolulu Police Department ("HPD") officers arrived at Plaintiff's residence to investigate an earlier harassment complaint made against him. [Complaint at ¶ 6.]

Plaintiff alleges the following causes of action: (1) a 42 U.S.C. § 1983 claim against the City and Hokama (Count I);

---

[2] It appears that Plaintiff has not yet effected service upon Hokama.

2

(2) assault and battery against Hokama (Count II); (3) a negligence claim against the City and Hokama, including negligent failure to train, supervise, hire, and/or discipline (Count III); (4) an intentional infliction of emotional distress ("IIED") claim against the City and Hokama (Count IV); (5) a negligent infliction of emotional distress ("NIED") claim against the City and Hokama (Count V); (6) a *respondeat superior* claim against the City (Count VI); and (7) a punitive damages claim against Hokama (Count VII). [Id. at ¶¶ 15-32.]

On February 8, 2012, the City moved to dismiss the original Complaint on the grounds that Plaintiff's causes of action failed to state a claim and that the allegations in the original Complaint were legal conclusions which were not entitled to a presumption of truth. [Dkt. no. 6.] On March 30, 2012, this Court issued its order granting in part and denying in part the City's motion to dismiss ("March 30, 2012 Order"). [Dkt. no. 14.] Plaintiff was given until April 30, 2012 to file an amended complaint which cured the deficiencies noted in the March 30, 2012 Order. [Id. at 9.] Plaintiff filed the instant Motion instead of filing an amended complaint.

I. **Plaintiff's Motion**

In the instant Motion, Plaintiff seeks to add a negligence claim against Hokama and to amend the negligence claim against the City. Plaintiff's proposed First Amended Complaint

3

also omits the § 1983 claim, which was the sole federal claim and the only basis for the City's removal.  Plaintiff is therefore seeking remand pursuant to 28 U.S.C. § 1367(c).

**II.  The City's Memoranda in Opposition**

In the City's Memorandum in Opposition to Amend, the City argues that allowing Plaintiff to amend his pleading would be futile because Plaintiff's proposed First Amended Complaint does not correct the defects this Court identified in the March 30, 2012 Order.  Additionally, in the City's Memorandum in Opposition to Remand, the City argues that Plaintiff elected to file an amended complaint that "conspicuously fails to assert any federal claims in an effort to defeat this Court's subject matter jurisdiction."  [Mem. in Opp. to Remand at 3 (citation omitted).] In addition the City argues that "the present case is before [the] federal court by Plaintiff's own election, and this court lacks jurisdiction (either supplemental or original), [therefore] dismissal rather than remand is proper under FRCP, Rule 12(b)(1)."  [Id.]

### DISCUSSION

**I.   Leave to File First Amended Complaint**

Under Fed. R. Civ. P. 15(a)(1)(A), a party may amend its pleading once as a matter of course within twenty one days after serving it.  In the instant case, more than twenty one days has passed, therefore plaintiff must obtain leave of court.  See

4

Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  Foman v. Davis, 371 U.S. 178, 182 (1962); In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  If there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend.  Eminence Capital, 316 F.3d at 1052.

In the instant case, there is no evidence which suggests that Plaintiff filed the Motion in bad faith or to cause undue delay in the litigation.  Further, Plaintiff has timely requested leave to amend.  This instant case is still in its

early stage; there has been no discovery and the magistrate judge has not set a trial date.[3]  As previously noted, prejudice is the most important factor in determining whether to grant leave to amend, and the Court finds that the proposed amendments will not prejudice the City because the instant case is still in its infancy.  In addition, Plaintiff's proposed First Amended Complaint removes the § 1983 claim, which was the sole federal claim and thus, the only basis for this Court's federal question jurisdiction.  Each of these factors weigh in favor of granting leave to amend.

Finally, the City opposes Plaintiff's request for leave to amend on the grounds that the proposed amendments would be futile and that Plaintiff's proposed First Amended Complaint adds further deficient allegations and ignores the defects this Court identified in its March 30, 2012 Order.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

Futility of amendment is a high standard and, while the

---

[3]  At the hearing on the Motion, this Court vacated the scheduling conference in this case, which was set for July 27, 2012.

Court acknowledges that the City has raised serious challenges to the merits of Plaintiff's allegations, the Court declines to find that no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. The City's arguments should be addressed in dispositive motions, rather than in a motion for leave to amend. The Court therefore GRANTS the portion of Plaintiff's Motion requesting leave to amend. The Court ORDERS Plaintiff to file his First Amended Complaint, in the form attached to the Motion, by **July 27, 2012**.

**II. Remand**

Upon the filing of the proposed First Amended Complaint, Plaintiff will have dropped the sole federal claim that was the basis for this Court's federal question jurisdiction. In addition, the Court does not have diversity jurisdiction. Federal courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a). Diversity of citizenship does not exist in this case because Plaintiff is a resident of the City and County of Honolulu, State of Hawai'i and the City is a municipal corporation within the State of Hawai'i. [Complaint at ¶¶ 1-2.]

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . .

if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  Further:

> Because state courts have the primary responsibility for developing and applying state law, the "values of judicial economy, convenience, fairness and comity" do not favor retaining jurisdiction in this case. See Acri [v. Varian Assocs., Inc.], 114 F.3d [999,] 1001 [(9th Cir. 1997) (en banc)] (providing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will . . . point toward declining to exercise jurisdiction over the remaining state-law claims" (quoting Carnegie-Mellon Univ. [v. Cohill], 484 U.S. [343,] 350 n.7 [(1988)]). . . .

Coyaso v. Bradley Pac. Aviation, Inc., Civ. No. 11-00267 JMS-RLP, 2012 WL 1580470, at *17 (D. Hawai'i May 3, 2012) (some alterations in Coyaso).

Under the circumstances, the Court finds that exercising supplemental jurisdiction is not warranted under the facts of this case.  The Court therefore GRANTS the portion of Plaintiff's Motion requesting remand.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Leave to File First Amended Complaint and for Remand of Case, filed April 26, 2012, is HEREBY GRANTED.  The Court directs the Clerk of Court to send a certified copy of this order to the Circuit Court of the First Circuit, State of Hawai'i, and to close this case.

8

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 25, 2012.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ABDEL SALAMEH V. CITY & COUNTY OF HONOLULU, ET AL; CIVIL NO. 12-00073 LEK-KSC; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR REMAND OF CASE**